

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-18-00435-CV

_____

IN RE DALLAS JAMES MOORE, RELATOR

Original Proceeding
Arising From Proceedings Before the 320th District Court
Potter County, Texas
Trial Court No. 73,321-D; Honorable Don Emerson, Presiding

February 7, 2019

MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

On December 13, 2018, Dallas James Moore, a Texas inmate proceeding pro se, filed a petition for writ of mandamus seeking to compel the Honorable Don Emerson to rule on his petition for writ of habeas corpus.[1] By letter dated December 17, this court advised Moore that the required filing fee of $155 did not accompany the filing of his petition. We directed him to pay the required filing fee or, in lieu thereof, to comply with

---

[1] The Honorable Don Emerson retired on December 31, 2018. The Honorable Pamela C. Sirmon became judge of the 320th District Court on January 1, 2019.

chapter 14 of the Texas Civil Practice and Remedies Code by filing a statement of inability to afford payment of court costs, a separate affidavit relating to previous filings, and a certified copy of his inmate trust account statement. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.002(a), 14.004 (West 2017). We further advised that if he did not comply by December 27, this proceeding was subject to dismissal without further notice.

On December 31, 2018, Moore filed a declaration of inability to pay costs and a copy of his "Potter County Detention Center Resident Account Summary." Moore also requested additional time to provide the required chapter 14 documents. By letter of January 4, 2019, we granted Moore an extension to January 18 and, in our letter, reminded him that he was required to file a separate affidavit or declaration describing his previous filings and a certified copy of his inmate trust account statement. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.004. On January 18, Moore filed a letter requesting additional time to comply with chapter 14. We have received no further communication from Moore since then.

To date, Moore has not paid the filing fee or provided the required chapter 14 documents. Unless a party is excused from paying a filing fee, the clerk of this court is required to collect filing fees set by statute or the Supreme Court when an item is presented for filing. *See* TEX. R. APP. P. 5, 12.1(b). An inmate who files an affidavit or declaration of inability to pay costs in an appeal or original proceeding must also comply with chapter 14 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a). An inmate's failure to comply with chapter 14 is grounds for dismissal of the appeal or original proceeding. *See In re Johnson*, No. 07-16-00354-CV, 2016 Tex. App. LEXIS 11841, at *2 (Tex. App.—Amarillo Nov. 1, 2016, orig.

proceeding) (per curiam) (mem. op.) (dismissing inmate's petition for writ of mandamus for failure to pay the filing fee or submit the materials required to proceed under chapter 14).

Because Moore has failed to pay the filing fee or comply with chapter 14 of the Texas Civil Practice and Remedies Code within the time provided by this court for compliance, we dismiss this original proceeding.


Per Curiam